UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE, INC., : | |
| : | Civil Action No. 10-6480 ES-SCM |
| **Plaintiff,** : | |
| v. : | |
| : | OPINION |
| VEER ENTERPRISES, LLC, PARTHIV : | |
| SHAH, RASHMI SHAH, MAUNISH SHAH, : | |
| DIPEN SHAH, RATHNI SHAH : | |
| : | |
| **Defendants.** : | |

**SALAS, DISTRICT JUDGE**

Plaintiff Ramada Worldwide, Inc. ("Ramada") brings this action for breach of a personal guaranty against Defendant Rashmi Shah ("Shah"). Currently before the Court is Ramada's motion to strike Shah's answer and for entry of default. No opposition has been filed. The Court has reviewed the submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Plaintiff's motion.

Briefly, this case involves a breach of contract dispute between Ramada and Defendant Veer Enterprises, LLC ("Veer") arising from a Franchise Agreement. Ramada filed suit seeking damages from Veer and its guarantors for allegedly breaching terms of the Franchise Agreement. Shah, one of the guarantors, filed an answer. After filing his answer, Shah repeatedly failed to comply with several Court orders. Ramada moves here to strike the answer filed by Shah, as a sanction for his failure to take a deposition and obey court orders. Ramada also seeks an entry of default.

1

I. **BACKGROUND**

Plaintiff Ramada is a Delaware corporation with its principal place of business in Parsippany, New Jersey. (D.E. 1, Compl. ¶ 1). Defendant Shah is a principal of Veer (a Tennessee LLC) (D.E. 16, Shah Answer ¶ 2) and is a citizen of the State of Ohio. (D.E. 1, Compl. ¶ 4).

Ramada and Veer entered into a Franchise Agreement for the operation of a 197 room hotel located at 2490 Mt. Moriah Road, Memphis, Tennessee (the "Facility"). (*Id.* ¶ 13). The Franchise Agreement required that Veer do, *inter alia*, the following: 1) operate the Facility in accordance with Ramada's Systems Standards ("Systems Standards") and 2) make certain periodic payments to Ramada for royalties, service assessments, taxes, interest, reservation system user fees, and other fees. (*Id.* ¶¶ 15-16, 18-19). Section 11.2 of the Franchise Agreement permitted Ramada to terminate the contract if Veer breached it in various ways: for failure to pay any amount due under the Franchise Agreement or failure to operate the Facility in accordance with Ramada Systems Standards. (*Id.* ¶ 22).

Shah signed a Guaranty of Veer's obligations under the Franchise Agreement. (*Id.* ¶¶ 28-29). The Guaranty obligates Shah to be responsible for Veer's commitments to Ramada if Veer defaults under the Franchise Agreement. (*Id.*). The Guaranty also states that Shah will pay attorneys' fees and costs if Ramada incurs such fees and costs in enforcing its rights under the Guaranty or the Franchise Agreement. (*Id.* ¶ 30).

Ramada alleges that, beginning in July 2009, Veer failed to operate the Facility in accordance with Ramada Systems Standards, thereby breaching one of its obligations under the Franchise Agreement. (*Id.* ¶ 31). Shortly thereafter, Veer filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee. (*Id.* ¶ 33). The

bankruptcy court, by Order dated January 22, 2010, granted Ramada's motion for relief from an automatic stay and authorized Ramada to terminate the Franchise Agreement as a result of Veer's uncured defaults. (*Id.* ¶ 34).

Ramada then filed its Complaint in this Court, based on Veer's alleged failure to pay recurring fees and liquidated damages under the Franchise Agreement. (*Id.* ¶¶ 37-63). Shah filed an answer. (D.E. 16). Since filing his answer, Shah has failed to appear for his scheduled deposition (D.E. 37-1, Cert. of Bryan P. Couch in Supp. of Pl.'s Mot. to Strike the Answer of Def. Rashmi Shah, Only, and Enter Default ("Couch Cert.") ¶¶ 9, 11) and **four** court-ordered conferences. (*Id.* ¶¶ 12-14, 16-18, 20-22).

While Shah was initially represented by counsel, Michael Orozco, he later filed a motion to withdraw (D.E. 25, Def. Counsel's Mot. to Withdraw ("Orozco Mot.")), which was granted. (D.E. 34). Orozco sought leave to withdraw due, in part, to Shah's failure to communicate with him, as well as Shah's failure to abide by Court orders. (D.E. 25-1, Br. in Supp. of Def. Counsel's Mot. to Withdraw ("Orozco Br.") at 4). Judge Waldor ordered Shah to obtain new counsel or proceed *pro se*. (D.E. 35). The Order also permitted Ramada to file a motion to strike Shah's answer. (*Id.*).

Since Judge Waldor's Order, Shah has not obtained new counsel or appeared *pro se*. Shah failed to appear for his fourth court-ordered conference on July 23, 2012. (Docket Entry dated July 23, 2012). This conference had been ordered to ascertain Shah's willingness to comply with Court orders. (D.E. 35). Shortly thereafter, the Court received a letter from Shah which stated that due to his financial circumstances, Shah could not retain counsel or "defend the case presented by Ramada." (D.E. 37-2, Br. in Supp. of Pl.'s Mot. to Strike the Answer of Def. Rashmi Shah, Only, and to Enter Default ("Pl.'s Moving Br."), Ex. F). Plaintiff filed the instant

3

motion on July 27, 2012, seeking to strike Shah's answer for failure to participate in this litigation. (D.E. 37). No opposition has been filed, and the Court notes that Ramada served Shah with notice of its motion. (D.E. 37-1, Cert. of Service).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(f)(1), "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . [or] (C) fails to obey a scheduling or other pretrial order." Included as sanctions under Rule 37(b)(2)(A)(ii)-(vii), and under Federal Rule of Civil Procedure 16(f) by incorporation, are orders "(iii) striking pleadings in whole or in part. . . (v) dismissing the action or proceeding in whole or in part; [and] (vi) rendering a default judgment against the disobedient party."

In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit set forth the six factors it would use to determine if a trial court abused its discretion by granting a sanction such as dismissal. The six factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* at 868.

## III. DISCUSSION

Ramada argues that this Court should sanction Shah for failing to comply with numerous court orders by striking his answer. (D.E. 37-2, Pl.'s Moving Br.). To decide whether to grant

4

sanctions, a court must balance the six *Poulis* factors. In balancing the six factors below, the Court finds that the *Poulis* test supports granting Ramada's motion.

### A. The *Poulis* Six-Factor Test

#### 1. Shah's Personal Responsibility

First, the Court considers Shah's personal responsibility, and concludes that this factor weighs in favor of granting Ramada's motion. In *Poulis*, the Third Circuit applied this factor to distinguish between the conduct of the litigant and the conduct of the attorney. 747 F.2d at 868. All litigants, including *pro se* litigants, are obligated to comply with Court orders. *Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994). "When [*pro se* litigants] flout that obligation, they, like all litigants, must suffer the consequences of their actions." *Id.*

*a) Shah's Conduct Before His Attorney Withdrew*

While Shah was represented by counsel, he failed to appear for his deposition scheduled for February 3, 2012 (D.E. 37-1, Couch Cert. ¶¶ 9,11), and failed to appear for numerous conferences. (*Id.* ¶¶ 12-14, 16-18, 20-22). Specifically, Shah failed to appear at conferences dated February 9, 2012, March 9, 2012, and April 11, 2012. (*Id.*). Shah's former counsel stated to the Court that he had apprised Shah of his obligation to appear for the February 9, 2012 conference. (D.E. 25-2, Cert. of Counsel Michael Orozco ("Orozco Cert.) ¶ 4). Shah's former counsel also stated that it was "impossible" to defend Shah, because of Shah's unwillingness to communicate with him. (D.E. 25-1, Orozco Br. at 4).

There has been no showing that Shah's former defense counsel disregarded court orders, as counsel appeared at all conferences where Shah failed to appear. (D.E. 37-1, Couch Cert., ¶ 13, 16, 18). The Court concludes that Shah bears personal responsibility for his inadequate conduct of this litigation, while he was represented by counsel.

### b) *Shah's Conduct After His Attorney Withdrew*

After granting Shah's counsel's motion to withdraw, the Court set an in-person conference for July 23, 2012, specifically to ensure that Shah had either obtained new counsel or was prepared to litigate *pro se*. (D.E. 35). Shah failed to attend that conference. (Docket Entry dated July 23, 2012). Shah has been *pro se* since June 20, 2012, and continues to disobey court orders. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992) ("This is not a situation where we must allocate responsibility between the parties and their counsel. Defendants had personal responsibility for the conduct of the litigation after their attorney withdrew[.]"). (D.E. 34). The Court must conclude that Shah is personally responsible for his failure to comply with Court orders during the time period that he has been *pro* se. Accordingly, the Court finds that the first *Poulis* factor supports granting Ramada's motion.

### 2. Prejudice to Ramada

The second *Poulis* factor, prejudice to Ramada caused by Shah's failure to participate in this litigation, also weighs in favor of granting Ramada's motion. The Third Circuit defined the standard for the *Poulis* "prejudicial harm" factor, "prejudicial harm entails the burden imposed by impeding a party's ability to effectively prepare a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

Ramada argues that it cannot prepare a strategy to counter Shah's affirmative defenses when Shah fails to participate at all in the discovery process. (D.E. 37-2, Pl.'s Moving Br. at 3). The Court finds that Shah's failure to cooperate has impeded Ramada's "ability to effectively prepare a full and complete trial strategy." Therefore, the second *Poulis* factor supports granting Plaintiff's motion to strike.

### 3. History of Dilatoriness

The third *Poulis* factor, a history of dilatoriness, also weighs in favor of granting Ramada's motion. The *Poulis* court wrote: "Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation . . . . A history . . . of ignoring these time limits is intolerable." 747 F.2d at 868.

Here, Shah has ignored court-ordered conferences and other deadlines–a deposition, as well as four in-person appearances. (D.E. 37-1, Couch Cert. ¶¶ 9, 11-14, 16-18, 20-22). The Court finds that Shah's failures to appear constitute a history of dilatoriness and complete disregard for Court orders. Therefore, the third *Poulis* factor supports granting Ramada's motion.

### 4. Willfulness or Bad Faith

The fourth *Poulis* factor, whether the conduct of the party was willful or in bad faith, weighs in favor of granting Ramada's motion. The Third Circuit upheld a finding of willfulness and bad faith where "no excuse [had] been proffered for the excessive procrastination." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 224 (3d Cir. 2003). Another court found willfulness where motions and orders were sent to a litigant at his home address, but he failed to respond. *Long v. Chambers*, No. 90-1881, 1991 WL 111174, at *2 (E.D. Pa. June 14, 1991).

Here, Shah failed to appear at numerous court-ordered conferences, and his attorney withdrew, in part, because of Shah's failure to participate in the litigation. (D.E. 25-1, Orozco Br. at 4). Then, after months of failing to comply with Court-ordered directives, Shah submitted a letter where he stated that he was unable to retain counsel or defend himself in this matter due to his financial circumstances. (D.E. 37-1, Couch Cert., Ex. F). Shah offered no other excuses. (*Id.*). Also, the Court notes that Shah received notice to appear in court on April 11, 2012 (D.E. 28), but, he did not appear. (Docket Entry, dated April 11, 2012).

7

Although the Court is sympathetic to Shah's alleged financial condition, it does not find this to be a sufficient excuse for the excessive procrastination and disregard for Court orders. Shah had notice sent to his home by the Court stating that he was obligated to appear. However, Shah did not appear or make arrangements with the Court. Such failure constitutes willful conduct. The Court finds that Shah's conduct in delaying this case has been willful. Thus, the fourth *Poulis* factor supports granting Ramada's motion.

### 5. Alternative Sanctions

The fifth *Poulis* factor, the effectiveness of alternative sanctions, also weighs in favor of granting Ramada's motion. Where a defendant refuses to comply with court orders or otherwise litigate a case, alternative solutions are likely to be ineffective and striking a defendant's answer is appropriate. *See Temptime Corp. v. Timestrip PLC*, No. 08-4277, 2009 WL 1560205, at *2 (D.N.J. June 2, 2009); *Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., LLC*, No. 07-1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (where defendant "demonstrated its complete neglect of its obligations as a litigant," court found that alternative sanctions, such as a monetary sanction or award of attorney's fees, would be ineffective). This is also true in cases with *pro se* litigants. *See Parker v. Pennstar Bank, NBT*, 436 F. App'x 124, 125-27 (3d Cir. 2011) (dismissing *pro se* plaintiff's complaint for two-month failure to comply with court-ordered discovery and failure to attend a court-ordered hearing).

Here, Shah has demonstrated that he does not intend to defend against Plaintiff's claims, or participate in this litigation whatsoever. (D.E. 37-1, Couch Cert., Ex. F). The Court finds that alternative sanctions would be ineffective. Therefore, the fifth *Poulis* factor supports granting Ramada's motion.

### 6. Meritoriousness of Defenses

The Court declines to address the sixth *Poulis* factor, as it is impossible to evaluate the merits of Shah's defenses given his lack of participation in this action. However, "each factor need not be satisfied for the trial court to dismiss a claim." *Ware*, 322 F.3d at 221. Thus, the Court need not make a determination on the sixth *Poulis* factor to find in favor of Ramada's motion.

### B. Balancing the Factors of the *Poulis* Test

The Court balances the six *Poulis* factors and finds that it would be just to grant Ramada's motion. The Supreme Court has contemplated the use of severe sanctions, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 472 U.S. 639, 643 (1976). The Supreme Court has also reflected on "the danger of denying justice by delay." *See Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950).

Defendant's history of disregard has substantially delayed resolution of this case. Litigants and this Court deserve adherence to court orders. Shah is personally responsible for the delay he has caused; Shah prejudiced his opponent; Shah's actions establish a pattern and history of dilatoriness; Shah willfully caused the delay; and it seems that no alternative sanction will persuade Shah to change his behavior. Five of the *Poulis* factors favor granting Ramada's motion. Accordingly, after balancing the *Poulis* factors set forth above, the Court finds that granting Ramada's motion is appropriate.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants Ramada's motion to strike Shah's answer and for entry of default. An appropriate form of Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
